**Florine RUSSELL, Plaintiff–Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant– Appellee.**

**No. 98–3141.**

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1998.

Decided Aug. 31, 1999.

Terence E. Flynn (argued), Chicago, IL, for Plaintiff–Appellant.

Leslie J. Rosen (argued), Susan K. Laing, Lord, Bissell & Brook, Chicago, IL, for Defendant–Appellee.

Before KANNE, ROVNER and DIANE P. WOOD, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Florine Russell worked for the National Railroad Passenger Corporation, better known as Amtrak. In January 1996, while at work, she slipped and fell on ice covered by snow on the railroad tracks, and injured herself. She sued Amtrak under the Federal Employers' Liability Act ("FELA"), and a jury found in her favor, assessing damages in the amount of $10,000. However, the jury also found that Russell was 90% responsible for the accident and re-

duced her damages accordingly to $1,000. On appeal, Russell challenges the district court's rulings relating to several jury instructions. We affirm.

## I.

Russell was a coach cleaner for Amtrak, a job that involved removing trash from baggage racks, emptying ashtrays and food trays, cleaning windows and bathrooms, washing trays and baggage racks, and emptying trash. Russell had been a coach cleaner for 16 years when she sustained the injury at issue. On January 26, 1996, Russell and a co-worker drove out onto a train platform to reach a supply locker. The locker was on the other side of the track, and Russell walked across the snow-covered tracks rather than use a nearby paved and salted crosswalk. When she was returning from the locker by this same path, she slipped and fell on the icy track bed. She suffered a variety of injuries and missed approximately four months of work. At the end of that time, her doctor indicated she could return to light duty, but Amtrak had no light duty jobs available. After another doctor released her for regular duty, she attempted to return to her coach cleaning job, but had difficulty emptying the trash cans and bending over to empty the ashtrays. She sued Amtrak for negligence in failing to keep her work area free of ice and snow, and specifically for failing to provide a reasonably safe workplace, for failing to inspect and maintain the premises (including the walkways), for failing to provide a safe method of doing her work, for failing to adequately warn her of hazards and dangers, and for failing to provide her with adequate assistance in performing her job.

A jury found for Russell and against Amtrak. The jury found that the total damages suffered by Russell amounted to $10,000, apportioning $3800 to pain and suffering, and $6200 to lost wages.[1] The

---

1. This amount compensated Russell for wages lost during the four month period that she

jury also found that the percentage of negligence attributable to Russell was 90%, and accordingly reduced her total damages to $1000. Russell moved for a new trial, contending that the verdict was against the clear weight of the evidence, and fundamentally unfair. She argued that the jury was confused by a mitigation instruction, and that the court should have instructed the jury on Amtrak's failure to produce a document from her supervisor stating that she was disqualified from her job duties at Amtrak due to her injuries. Russell maintained that a new trial was also warranted because of the court's refusal to instruct the jury that assumption of risk was not a defense to Amtrak's negligence, and because the court failed to quote the FELA statute on Amtrak's duty to keep the track bed free of defects.

The district court denied Russell's motion for a new trial on the issues of damages and comparative fault. In an oral ruling, the court stated that the mitigation instruction was appropriate in light of evidence that Russell was either malingering, or was not injured to the extent she claimed. The court also held that there was no basis to instruct the jury that Amtrak withheld documents, and that the assumption of risk instruction was inappropriate when the facts did not raise that issue. The issue was contributory negligence, according to the court, not assumption of risk, and the jury was adequately instructed on that issue. Finally, the court held that the instruction regarding the insufficiency of the track bed was unnecessary because the instructions given adequately set forth Russell's theory of recovery. The court therefore denied Russell's motion for a new trial.

## II.

Russell raises four issues on appeal. First, she claims the district court erred when it refused her instruction quoting the section of FELA relating to a railroad's liability for injury resulting from "any de-fect or insufficiency due to its negligence, in its ... roadbed," and instead gave a modified version of the Illinois Pattern Instruction. *See* 45 U.S.C. § 51. Second, she faulted the court for failing to instruct the jury that assumption of risk was not a defense to the railroad's negligence. Third, Russell contends that the court should have advised the jury that Amtrak failed to produce certain evidence and that such failure could be construed against the railroad. Fourth, she maintains that the court erred in instructing the jury that she had an on-going duty to mitigate her damages.

■ We review jury instructions in their entirety, and consider whether the jury was misled in any way and whether the jury had an understanding of the issues. *See Mary M. v. North Lawrence Community School Corp.*, 131 F.3d 1220, 1225 (7th Cir.1997), *cert. denied*, — U.S. —, 118 S.Ct. 2369, 141 L.Ed.2d 737 (1998) (new trial ordered only if it appears the jury was misled and its understanding of the issues was seriously compromised); *American Nat. Bank & Trust Co. of Chicago v. Regional Transp. Auth.*, 125 F.3d 420, 434 (7th Cir.1997) (same). We review the district court's decisions on jury instructions for abuse of discretion. *Riemer v. Illinois Dept. of Transp.*, 148 F.3d 800, 804 (7th Cir.1998); *Mary M.*, 131 F.3d at 1225; *American Nat. Bank*, 125 F.3d at 434. Some of Russell's arguments are perplexing because she won on liability and she seems to be challenging instructions related to liability. Amtrak contends that to the extent Russell is claiming that inadequate liability instructions affected her damage award, she did not preserve that argument. We think it is clear enough that Russell challenged the liability instructions to the extent they affected her damages, and so we will address her arguments on the merits rather than treat her claims as waived.

was unable to work immediately following the injury.

## A.

We begin with Russell's claim that the court should have quoted the FELA language regarding insufficiency in the road bed in instructing the jury on the railroad's negligence. The court declined to adopt Russell's proffered liability instruction:

At the time of the injury alleged by the Plaintiff, there was in full force and effect a Federal statute governing the relationship between railroad employer and railroad employee, Which [sic] stated in pertinent part that a railroad, such as the Defendant, "shall be liable in damages to any person suffering injury while he or she is employed by such railroad ... for any injury resulting in whole or in part from the negligence of any of the officers, agents, or employees of such a railroad or by reason of any defect or insufficiencies due to its negligences [sic], in its ... road bed ..."

See R. 34, Plaintiff's Instruction No. 3. She also asked the court to instruct the jury that the railroad was negligent in one or more of the following ways: (1) failing to provide her with safe passage to her place of work; (2) failing to keep the tracks clear of snow and ice; (3) failing to keep permitted walkways, such as track beds, clear of ice and snow; (4) creating hazards and failing to remedy those unsafe conditions; and (5) failing to inspect or discover unsafe conditions. Additionally, she wanted the court to instruct the jury that she denied Amtrak's claim that she was contributorily negligent. Instead the court instructed the jury as follows:

At the time of the occurrence, there was in force a federal statute known as the Federal Employers' Liability Act. That Act provides that whenever an employee of a railroad is injured while engaged in the course of his employment, the railroad shall be liable in damages to the injured employee where the injury results in whole or in part from the negligence of any of the officers, agents or other employees of the railroad.

The plaintiff further claims that the railroad violated the Federal Employers' Liability Act in that an employee of the railroad was negligent in that:

(a) It failed to provide plaintiff with a safe passage to her place of work;

(b) Failed to keep its tracks clear of ice and snow;

(c) Failed to inspect or discover unsafe conditions.

See R. 35, Defendant's Instructions Nos. 11 and 21.

■ Russell does not claim that the court's instruction was an incorrect statement of the law, but only that she was entitled to her instructions because they more specifically and fairly stated her theory of the case. Even in the context of criminal trials, however, we have held that a defendant is not entitled to have his or her particular instruction presented to the jury. *See United States v. McNeal*, 77 F.3d 938, 944 (7th Cir.1996); *United States v. Briscoe*, 896 F.2d 1476, 1512 (7th Cir. 1990), *cert. denied*, 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). Rather, our purpose is to ensure that the jury instructions as a whole treated the issues in the case fairly and accurately. *McNeal*, 77 F.3d at 944. The court's liability instructions in this case were fair and accurate statements of the law, and Russell was certainly able to argue to the jury her particular theories of liability from these instructions. Russell's proffered instructions added little or nothing to the jury's understanding of her theory. All of her instructions simply involved variations on the theme that the railroad was negligent in allowing ice and snow to accumulate and remain on the tracks. The jury seems to have agreed that the railroad was negligent in some way for the condition of the track bed and we fail to see the prejudice to Russell. Nothing in these instructions implicated damages, and we find that the district court did not abuse its discretion in refusing to give Russell's version of the liability instructions.

## B.

 Nor did the district court err when it refused to give the assumption of risk instruction. Russell is correct that assumption of risk is not a defense in an action to recover damages for injuries incurred by railroad employees due to the negligence of the railroad. *See* 45 U.S.C. § 54. However, the court is not obliged to instruct the jury on an issue that is not before it. *See Green v. Union Pacific R.R. Co.*, 269 Ill.App.3d 1075, 207 Ill.Dec. 599, 647 N.E.2d 1092, 1099 (1995) (instruction proper where assumption of risk is either expressly or implicitly before the jury). Here the court found that the "case simply was not an assumption of risk case. So, the instruction wasn't relevant. The issue was contributory negligence. She was in an inherently dangerous job. The question for the jury was whether or not she deliberately placed herself in a position where she might be hurt as opposed to taking a safer route." Tr. July 23, 1998, at 2. The jury was properly instructed on contributory negligence, which was an issue in the case. *See Caillouette v. Baltimore & Ohio Chicago Terminal R.R. Co.*, 705 F.2d 243, 248 (7th Cir.1983). *See also Hamrock v. Consolidated Rail Corp.*, 151 Ill.App.3d 55, 103 Ill.Dec. 736, 501 N.E.2d 1274, 1279 (1986) (use of assumption of risk instruction in a FELA case condemned by various courts where assumption of risk was not an issue and jury was properly instructed on contributory negligence).

The only issue then is whether the district court was correct that there was no evidence from which the jury could infer that Russell assumed the risk. The jury heard evidence that Russell had a safe alternative path available to her, a plowed and salted crosswalk, and instead chose to take a route across the snow covered tracks. Amtrak did not argue that Russell assumed the risk of a job for which there were no safe alternatives, but rather that she was aware of the risks, and ignored a safe alternative. Amtrak's argument before the jury and the evidence presented plainly supported a contributory negligence instruction and not an assumption of risk instruction. Given that assumption of risk was not an issue in the case, the court did not err by refusing to instruct the jury on it. *Green*, 207 Ill.Dec. 599, 647 N.E.2d at 1099.

## C.

 Russell complains that the district court failed to issue a missing evidence instruction that would have allowed the jury to draw a negative inference from Amtrak's alleged failure to produce certain documents. In particular, Russell complains that Amtrak failed to produce a letter regarding Russell's disqualification from her work as a coach cleaner. Russell also faults Amtrak for failing to produce documents or witnesses regarding Amtrak's purposeful watering of the tracks which contributed to the icy conditions on the day of Russell's accident.[2] Whether to use the missing witness/evidence instruction is within the sound discretion of the trial court. *Doe v. Johnson*, 52 F.3d 1448, 1460 (7th Cir.1995). The instruction offered by Russell tracks Illinois Pattern Instruction 5.01, which allows a jury to draw a negative inference against a party from the failure to produce the evidence or witness if (1) the evidence is in that party's control; (2) it is not equally available to the other party; (3) the party would have offered the evidence if it was favorable; and (4) the party last in possession of the evidence had no reasonable excuse for the failure to produce it. *Id.* Although we questioned the first two prongs of this instruction on a few occasions, we stated in *Doe* that at a minimum, we required evidence that would have been introduced had it been helpful, permitting an infer-

---

2. Apparently, there was some evidence that the railroad purposefully waters track beds when there is snow and ice on the ground to ensure uniform freezing of the track bed, because non-uniform freezing could cause derailments and other problems.

ence that the evidence would instead have helped the opponent. 52 F.3d at 1460–61.

■ Amtrak denies that Russell ever asked Amtrak to produce this evidence, and contends that Russell waived her claim to the instruction so far as it applies to the failure to produce documents about the watering of the tracks because she failed to raise this argument in the district court. To the extent she preserved her claim to the instruction, Amtrak is correct that Russell did not ask Amtrak to produce the disputed evidence, and therefore was not entitled to the missing witness/evidence instruction. As the district court succinctly stated, there was no "basis to instruct as to the failure to produce documents and witnesses." Tr. at 2. Without a factual basis in the record to support the need for a particular instruction, the district court was correct to refuse the instruction.

### D.

Finally, we address Russell's claim that the district court erred in instructing the jury that Russell had a continuing duty to mitigate her damages. The court instructed the jury as follows:

> In fixing the amount of money which will reasonably and fairly compensate the plaintiff, you are to consider that an injured person is under a duty to mitigate his damages, that is, to minimize the economic loss resulting from her injury, by resuming gainful employment as soon as such can reasonably be done.

> Failure of the injured party to make a reasonable effort to minimize his damages does not prevent all recovery for economic loss, but it does preclude recovery for damages or losses which could have been avoided had a reasonable effort to lessen damages been made.

> Therefore, if you find that the plaintiff failed to make a reasonable effort to minimize her damages, then you must not award the plaintiff any sum to com-

pensate her for those damages which could have been avoided if plaintiff had made a reasonable effort to minimize damages.

R. 33, Defendant's Instruction No. 27. Russell objects to this instruction on two grounds. First, she claims there was no factual predicate for the duty to mitigate. Second, she complains that the instruction improperly placed the burden of proof on her.

■ A plaintiff certainly has a duty to mitigate her damages under these circumstances. *DeBiasio v. Illinois Central R.R.*, 52 F.3d 678, 688 (7th Cir.1995), *cert. denied*, 516 U.S. 1157, 116 S.Ct. 1040, 134 L.Ed.2d 188 (1996). The factual predicate existed because Russell requested damages for future earnings, and testified that she had intended to continue working for a number of years, and would have done so but for her injuries. Once that duty has been established, Russell is correct that it was Amtrak's burden to show that the damages might have been lessened by her. *Id.* Nothing in the court's instruction shifted this burden, and we suspect that Russell's real quarrel is with the sufficiency of the evidence, and not the language of the instruction on this point. Although we believe she waived any sufficiency argument, we would affirm on the grounds that the railroad produced evidence that Russell was malingering and could have otherwise returned to her job as a coach cleaner, evidence the jury apparently believed, judging from the verdict.

### III.

We find no fault with the district court's instructions to the jury. The instructions accurately reflected the law, and the facts of the case as they had been presented to the jury. Accordingly, the jury was not in any way misled. *Mary M.*, 131 F.3d at 1225.

AFFIRMED.