In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2193

LINDA ALDRIDGE,

*Plaintiff-Appellant,*

*v.*

FOREST RIVER, INC., a foreign corporation, and
SPECIFIC CRUISE SYSTEMS, INC., a foreign corporation,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 352—**Elaine E. Bucklo,** *Judge.*

ARGUED JANUARY 12, 2011—DECIDED MARCH 8, 2011

Before, KANNE and TINDER, *Circuit Judges*, and
HERNDON, *District Judge.*[*]

HERNDON, *District Judge.* Linda Aldridge fell and seri-
ously injured her shoulder when the step controller on

[*] The Honorable David R. Herndon, Chief Judge of the United
States District Court for the Southern District of Illinois, sitting
by designation.

her 2004 Forest River Georgetown recreational vehicle unexpectedly retracted. Aldridge sued Forest River, Inc. ("Forest River"), and Specific Cruise Systems, Inc. ("SCS"), alleging strict liability and negligence. Plaintiff's counsel would have this court believe that just as his client's feet were pulled out from beneath her as she stepped out of her recreational vehicle, so was her case at trial when she was not allowed to present her theory of liability to the jury. The record does not support his argument. Prior to trial, the district court granted Forest River's motion in limine #27, which barred plaintiff from arguing that the recreational vehicle as a whole was the defective product at issue or anything other than the step controller, and denied her motion for leave to file an amended complaint. During the trial, the district judge also amended one of Aldridge's proposed jury instructions regarding the ultimate issue of liability. After the jury returned defense verdicts, the district court denied Aldridge's motion for new trial. Aldridge appeals these decisions. As the district court did not abuse its discretion on any of these issues, we affirm.

The facts of the accident underlying this case are simple. Aldridge and her husband purchased a 2004 Forest River Georgetown recreational vehicle, which was equipped with a step controller. Forest River manufactures and sells recreational vehicles. It manufactured the 2004 Georgetown recreational vehicle. SCS designs, manufactures and sells stair-step controllers used to

raise and lower the external steps on recreational vehicles.[1]
SCS manufactured the step controller that was on
Aldridge's 2004 Forest River Georgetown recreational
vehicle. On January 20, 2004, Aldridge fell and sustained
serious injuries while descending the steps of her recre-
ational vehicle. The accident occurred while plaintiff and
her husband were vacationing in Florida. The trial court
determined that Florida law applied to the product
liability issues, a decision which is not contested here.

On January 20, 2006, Aldridge sued Forest River and
SCS in the district court based on diversity jurisdiction,
28 U.S.C. § 1332. Aldridge claimed that the step con-
troller unexpectedly retracted and caused her to fall.
Counts I and III, based on strict liability, alleged: "[T]he
RV step controller was not reasonably safe for its
intended use of raising and lowering the steps of the
recreational vehicle." Counts I and III also alleged that
"as a direct and proximate result of the defective condi-
tion of the RV step controller . . . the plaintiff,
LINDA ALDRIDGE, sustained severe and permanent
injuries." Counts II and IV, based on negligence, alleged
that Forest River negligently failed to properly wire,
install, and test the step controller and that SCS failed
to warn Forest River that the step controller would occa-
sionally malfunction and retract without warning; failed

---

[1] The step controller is a module that takes signals from the
recreational vehicle and causes the steps to expand and retract.
Generally, when a passenger closes the door, the steps either
retract or remain deployed, depending on how the user sets
certain switches on the controller.

to properly wire the step controller; and failed to insure that the step controller was properly operating prior to selling it to Forest River.[2]

In denying a motion to transfer, the district judge stated that the case was about an alleged defective step. Also, in response to the motion to transfer, Aldridge limited her discussion to the step controller being defective. Aldridge's retained expert James Des Jardins, a mechanical engineer, opined that a design defect in the step controller allowed an electrical surge to activate the stairs as Aldridge stepped down. Des Jardins further concluded that warnings should have been posted in the recreational vehicle cautioning that the steps might unexpectedly retract.[3] Furthermore, in response to interrogatories, Aldridge identified the step controller as the product at issue and specifically denied that she was pursuing claims as to the recreational vehicle's other component parts. Aldridge did not supplement her interrogatory responses.

On December 4, 2009, the district court granted Forest River's motion in limine #27 barring Aldridge from

---

[2] Aldridge voluntarily dismissed the negligence claims prior to trial.

[3] The district court precluded Des Jardins from offering opinions as to alternative design and failure to warn because he had not tested an alternative controller and was unable to formulate an appropriate warning. Eventually, the district court barred Des Jardins from testifying at trial finding that he was unqualified to opine as to the step controller's defective design.

arguing to the jury that the recreational vehicle was the product at issue in the litigation. The district court held that Aldridge had maintained throughout the case that the step controller in the recreational vehicle was the product on which her suit was based and to allow the case to be tried in a different fashion would be tantamount to changing the theory of the case at the eleventh hour. The case proceeded to trial on December 7, 2009. During the trial, Aldridge moved to file an amended complaint to advance the theory that the recreational vehicle was defective because the stairs did not operate as intended during normal use. Specifically, Aldridge sought to amend her complaint to allege that the entire 2004 Forest River Georgetown recreational vehicle was not reasonably safe for its intended use and caused her injuries. The district court denied the motion based on the reasons for allowing motion in limine #27: (1) that plaintiff had identified the product as the step controller; (2) that the defendants had litigated the case with the understanding that the product forming the basis of the complaint was the step controller and (3) that the defendants would not have time to prepare a meaningful defense at the late stage in these proceedings.

During the jury instruction conference, Forest River sought an instruction excluding reference to the recreational vehicle and identifying the product as the "step controller." Aldridge argued that her proposed instruction #24, which asked the jury to determine whether the recreational vehicle was defective, should be used. The district court amended plaintiff's tendered instruc-

tion #24[4] and gave an instruction which identified the issue as "whether the recreational vehicle sold by Forest River, Inc. with the step controller sold by Specific Cruise Systems was defective when it left the possession of Forest River." SCS favored the instruction, as given, suggesting during the open court conference that it had been agreed upon, which it clearly had not been.

On December 11, 2009, the jury returned defense verdicts. Thereafter, Aldridge moved for new trial arguing that the district court erred in granting Forest River's motion in limine #27; that Florida law allowed her to argue that the entire recreational vehicle was defective and that the erroneous ruling on the motion in limine was compounded by the denial of her motion to amend. On April 12, 2010, the district court denied Aldridge's motion for new trial finding that Aldridge "unambiguously identifies the step controller as the proximate cause of her injuries and as the product whose defectiveness is at issue in the litigation" and that defendants did not consent to litigating the issue of the entire recreational vehicle's defectiveness and that defendants would be prejudiced if Aldridge could expand the scope of the product at this late stage.

---

[4] Aldridge's jury instruction #24 provided in part: "whether the recreational vehicle sold by Forest River, Inc. and/or the step controller supplied by Specific Cruise Systems, Inc. was defective when they left the possession of Forest River, Inc. and/or Specific Cruise Systems, Inc. and, if so, whether such defect was a legal cause of the injuries sustained by Linda Aldridge."

On appeal, Aldridge challenges the district court's granting motion in limine #27; the district court's denial of her motion to file a first amended complaint; and the district court's amendment to a jury instruction. She also appeals the denial of her motion for new trial.

First, we review the district court's decision to grant Forest River's motion in limine #27. "We review [the] district court's rulings on [the] motions in limine for an abuse of discretion because decisions regarding the admission and exclusion of evidence are peculiarly within the competence of the district court." *Von der Ruhr v. Immtech International, Inc.,* 570 F.3d 858, 862 (7th Cir. 2009) (internal quotations and citations omitted). "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload*." Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1030 (7th Cir. 1998) (quoting *United States v. Reed,* 2 F.3d 1441 (7th Cir. 1993)). "Under the 'abuse of discretion' standard of review, the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place. . . ." *Wheeler v. Sims,* 951 F.2d 796, 802 (7th Cir. 1992) (quoting *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir. 1984)). Rather, the district court's decision is to be overturned only if no reasonable person would agree with the trial court's ruling. *Snipes v. Ill. Dep't of Corr.,* 291 F.3d 460, 463 (7th Cir. 2002).

Aldridge contends that the district court abused its discretion in granting motion in limine #27 because it

was untimely; that the issue of the recreational vehicle was contained in the final pretrial order and that allowing the motion effectively amended the final pretrial order. Clearly, the district court acted within its discretion in allowing motion in limine #27. The district court granted the motion because it found that Aldridge's claims against defendants throughout the litigation identified the step controller as the proximate cause of her injuries and as the product whose defectiveness was at issue in the litigation. The ruling was consistent with the nature of the litigation from the beginning of the case and it prevented surprise to the defendants regarding the nature of the case that they had been defending throughout the litigation. It was consistent and conformed with the reasonable expectations of the litigants. Consequently, the district court did not abuse its discretion in hearing and granting the motion in limine. Further, the district court did not abuse its discretion in disallowing Aldridge from applying an inference of a defect in the recreational vehicle as a whole.[5]

Aldridge also contends that the district court abused its discretion when it denied her motion for leave to file

---

[5] Florida defective product law permits an inference of defectiveness as to the product itself so that a plaintiff need not prove which part *within* that product was defective. *Cassisi v. Maytag,* 396 So.2d 1140, 1152-53 (FL. App. 1981) (if a product malfunctions during normal operation, a legal inference arises that the product was defective and the injured plaintiff thereby establishes a *prima facie* case for jury consideration). In brief form, this is sometimes referred to as the *Cassisi* inference.

a first amended complaint. We also review the district court's denial of a motion for leave to amend a complaint under the abuse of discretion standard. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002). We will overturn a denial of a motion for leave to amend a complaint only if the district court "abused its discretion by refusing to grant the leave without any justifying reason." *Id.; see also J.D. Marshall Int'l Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir. 1991).

Federal Rule of Civil Procedure 15(b)(2) permits the amendment of a complaint during trial if "issues not raised by the pleadings are tried by express or implied consent." The district court must determine "whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." *In re Rivinius, Inc.*, 977 F.2d 1171, 1175 (7th Cir. 1992) (quoting *Matter of Prescott*, 805 F.2d 719, 725 (7th Cir. 1986) (citations omitted)).

Clearly, the district court was well within its discretion to deny Aldridge's motion for leave to file an amended complaint because defendants did not consent to add this theory of liability and they were not proceeding as such. Further, the amendment would have added a new theory of liability to the case at the late stage of the proceedings. The amendment would have required re-

opening discovery and postponing the trial. Moreover, Aldridge could have brought this new theory of liability much sooner than during the trial. In sum, the district court's denial of Aldridge's motion for leave to amend was justified; therefore, we find no abuse of discretion.

We review the district court's decisions on jury instructions for abuse of discretion. *Russell v. National R.R. Passenger Corp.*, 189 F.3d 590, 593 (7th Cir. 1999); *Spiller v. Brady*, 169 F.3d 1064, 1066 (7th Cir. 1999). "[A] district court has substantial discretion with specific wording of jury instructions. . . ." *Heller Int'l Corp. v. Sharp*, 974 F.2d 850, 860 (7th Cir. 1992). We consider jury instructions in their entirety and consider whether the jury was misled in any way and whether the jury had an understanding of the issues. *Russell,* 189 F.3d at 593. Based on the record, the district court did not abuse its discretion in amending the issue instruction. The jury instructions, as a whole, given during trial were not in any way improper or misleading. As stated earlier, the district court framed this issue as "whether the recreational vehicle sold by Forest River, Inc. with the step controller sold by Specific Cruise Systems was defective." Although the trial court amended plaintiff's tendered instruction #24 in a way that plaintiff strongly disagreed with, but which tracked the language of the complaint and the final pretrial order, the district court formulated an appropriate issue instruction based on the facts of the case that were tried before the jury. It appears that the jury properly applied the jury instructions.

The jury inquired, during deliberation, about instruction #24 in a note sent out to the court. It read:

> Page 19, Paragraph # 1
> In reference to "whether the recreational
> vehicle sold by Forest River with the Step
> Controller sold by SCS was defective when
> it left possession of Forest River"
> Is it to imply liability to only the Step
> Controller or the entire recreational vehicle.

During the discussion with counsel in open court, plaintiff's counsel kept up his attempts to amend the complaint as well as his arguments that the case had been litigated all along as a recreational vehicle defect and the jury should be so advised. Defense counsel as well as the judge maintained, as they had during the jury instruction conference and the argument regarding motion in limine #27, that the case was always litigated over the step controller. The court, therefore, decided the best way to answer the jury's question was to refer the jury to the instruction on the following page, which read, "If you find that the stairs unexpectedly retracted during normal operations, you may infer that the product was defective, unless taking into consideration all of the evidence in the case, you conclude that the retraction of the stairs was not due to any defect. Plaintiff is not required to identify the specific cause of the malfunction." The handling of the jury question was not argued by any party to be error, nor does this court find it to be such.

As to the district court's denial of the motion for new trial, the district court did not abuse its discretion. A party seeking to reverse a district court's denial of a

motion for a new trial "bears a particularly heavy burden.*"* *Lowe v. Consol. Freightways of Del., Inc.,* 177 F.3d 640, 641 (7th Cir. 1999). A motion for a new trial should succeed "[o]nly when a verdict is contrary to the manifest weight of the evidence. . . ." *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 424 (7th Cir. 2000). The district court, having seen the presentation of the evidence and observed the witnesses, "is in a unique position to rule on a new trial motion.*"* *Id.* at 424. Thus, "[o]nly if the district judge has abused her discretion will we disturb her decision to deny a new trial." *Id.* This court will not overturn a jury verdict if a reasonable basis exists in the record to support it. *See Jackson v. Bunge Corp.,* 40 F.3d 239, 244 (7th Cir. 1994). Based on the reasons stated *supra,* the district court acted within its discretion in denying the motion for new trial as there was no basis to grant the motion.

Finally, we briefly discuss the claims against SCS. Aldridge did not assign any error directed at the jury verdict in favor of SCS and against her. There is nothing in the record to suggest that the district court committed any error with regards to Aldridge's claims against SCS. In fact, the evidence at trial pertained exclusively to the step controller.

The decision of the district court is AFFIRMED.