NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1737

| | |
|---|---|
| LEON IRBY,<br>        *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-0258 |
| MARY GORSKE and BELINDA SCHRUBBE,<br>        *Defendants-Appellees.* | Charles N. Clevert, Jr.,<br>*Chief Judge*. |

**O R D E R**

Leon Irby, a Wisconsin inmate, filed suit under 42 U.S.C. § 1983 claiming that prison nurses Mary Gorske and Belinda Schrubbe violated the Eighth Amendment by deliberately ignoring his medical needs. The district court granted the defendants' motion for summary judgment. We affirm that decision.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Irby was diagnosed with osteoarthritis in 1998 while in prison. Since that time he has taken analgesics for pain, particularly acetaminophen. In May 2007 he was transferred to the Waupun Correctional Institution, where the two defendants are employed. He brought with him a supply of Tylenol in 325 mg. tablets, a dosage of acetaminophen that can be dispensed without a prescription. *See* PHYSICIAN'S DESK REFERENCE 1912 (65th ed. 2011). When that supply was exhausted, Irby wrote Gorske, a nurse practitioner, requesting a refill; she wrote back that he would have to be seen by prison medical staff before receiving additional medication. Instead of scheduling an appointment, Irby requested a refill from Schrubbe, Gorske's supervisor. When Schrubbe did not respond, Irby submitted a grievance asking for help in obtaining the refill. A complaint examiner denied this grievance with the explanation that Irby had sufficient funds to purchase acetaminophen from the prison canteen.

In his complaint Irby claimed that Gorske and Schrubbe violated the Eighth Amendment by refusing to supply him with acetaminophen. The defendants moved for summary judgment shortly before the deadline imposed by the court. But this first motion was denied because counsel had failed to attach copies of exhibits cited in the defendants' affidavits, and a second motion was denied because counsel had failed to comply fully with a local rule designed to enforce the notice requirement of *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). *See* E.D. WIS. CIV. L. R. 56(a)(1)(B). Counsel filed a compliant motion on the third try, although by this time the deadline had passed. The district court, after rejecting Irby's contention that the renewed motion should be denied as untimely, granted summary judgment for the defendants. The district court principally concluded that the defendants could not have been deliberately indifferent to Irby's condition because the pain reliever he needed could be purchased from the prison canteen without a prescription.

On appeal Irby first argues that the district court should have denied the defendants' untimely motion for summary judgment. We review for abuse of discretion a court's decision to accept an untimely motion, *see Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011); *Ciciora v. CCAA, Inc.*, 581 F.3d 480, 482 (7th Cir. 2009), and Irby fails to provide any argument that meets this standard. Although he accuses the district court of failing to explain its ruling, the court in fact accepted the defendants' third motion because the previous denials had been without prejudice, and counsel had acted promptly to correct the procedural shortcomings. Those reasons are satisfactory.

Irby next contends that the district court granted summary judgment despite the existence of a genuine issue of material fact. As best we can tell, Irby reads the district court's order as saying that his free supply of Tylenol was cut off because acetaminophen can be "toxic" with long-term use, and yet he was then told to buy his own supply of this "toxic" medication, rather than receiving a safe alternative. This "dispute" arises, however, from a simple factual mistake by the district court. Before Irby was transferred to Waupun,

he had been given ibuprofen for a few months, but a decision was made to discontinue *that drug*, not acetaminophen, because of health risks associated with long-term use. Irby presented no evidence that he was still taking ibuprofen when he arrived at Waupun, nor has he ever asserted in this litigation that the defendants should have, but refused, to dispense ibuprofen. It is evident from the record that the district court misspoke in recounting that Gorske had cited a safety concern in deciding not to continue supplying Irby with free Tylenol. The nurses have not said that acetaminophen is unsafe. And Irby must believe that the drug is safe; he filed suit because his supply was cut off. Since the parties agree on this point, there is no dispute of material fact.

Irby devotes the remainder of his brief to identifying purportedly inconsistent statements made by Gorske that he believes preclude summary judgment. But the supposed discrepancies he identifies are irrelevant: Irby's ability to buy acetaminophen from the prison canteen is undisputed and dispositive. As the district court properly concluded, no jury reasonably could find that refusing to provide Irby medicine that he is capable of buying himself violates the Eighth Amendment. *See Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418–19 (3d Cir. 2000); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985). Therefore, granting the motion for summary judgment was proper. *See Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010).

**AFFIRMED**.