In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1982

JAMES P. BRENEISEN, JR. and
ANNA M. LINEWEAVER,

*Plaintiffs-Appellants,*

*v.*

MOTOROLA, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 3:02-cv-50509—**P. Michael Mahoney**, *Magistrate Judge.*

ARGUED MAY 6, 2011—DECIDED SEPTEMBER 2, 2011

Before BAUER, KANNE and EVANS*, *Circuit Judges*.

BAUER, *Circuit Judge*. The plaintiffs appeal adverse decisions below relating to their one-time employer Motorola's alleged violation of their rights under the

---

* Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case, which is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

proscriptive anti-discrimination and anti-retaliation pro-visions of § 2615 of the Family and Medical Leave Act (the "FMLA"). James Breneisen appeals the district court's dismissal of his claim based on a determination that he was not eligible for recovery of lost back pay, lost employment benefits, and front pay from Motorola. Anna Lineweaver appeals the district court's dismissal of her claim after Motorola tendered $3,840.00 to her, a sum which represents the full amount of her damages, but no costs or attorney's fees. For the following reasons, we affirm.

## I. BACKGROUND

When this case first came to us in 2008, we partially reversed the district court's grant of summary judgment in favor of Motorola and remanded the Breneisen and Lineweaver FMLA claims for further proceedings. A full recitation of the facts is reported at *Breneisen v. Motorola*, 512 F.3d 972 (7th Cir. 2008), but we will briefly restate the pertinent facts relating to the remaining two plaintiffs.

### A. Breneisen

Breneisen was employed at various Motorola facilities between 1994 and 2003. In January 2001, he took FMLA leave to receive treatment for gastroesophageal reflux. He returned to work twelve weeks later and was assigned to a different position, allegedly because his position had been eliminated during his leave and his

former duties dispersed among several other positions. He received the same pay and benefits, but considered the change a demotion. On April 20, 2001, just weeks after returning to work, Breneisen took medical leave again, this time for esophageal surgery. He returned to work in September 2001, but in February 2002, he took leave for a third time to undergo a total esophagectomy. Breneisen never returned from this leave and was eventually terminated in June 2003. He alleges that the esophagectomy was necessary because a supervisor at Motorola caused him to suffer stress, high blood pressure, and stomach reflux, all of which exacerbated his pre-existing medical condition.

After our 2008 decision, Breneisen had three surviving FMLA claims: (1) failure to reinstate to an equivalent position when he returned to work in April 2001; (2) discrimination and retaliation when he returned to work in April 2001; and (3) retaliation by way of harassment by his supervisor from September 2001 until his final leave in February 2002.

On remand, Breneisen waived the FMLA claims with the exception of his claim for damages as a result of discriminatory and retaliatory conduct alleged to have occurred between September 4, 2001 and February 5, 2002. He sought recovery of back pay, payment for medical bills, lost employment benefits, and front pay.

In a motion *in limine,* Motorola sought to bar evidence of a causal connection between Breneisen's medical conditions and Motorola's alleged misconduct, arguing that the evidence was irrelevant. The judge agreed and

granted the motion. He also concluded that "back and front pay awards are not available under the FMLA in this case for any time period during which Breneisen was unable to perform the functions of his previous job or one that is comparable, if he had exhausted his FMLA leave." The FMLA allows for twelve working weeks of protected leave during any twelve-month period,[1] an amount that appears to have been exhausted during Breneisen's first leave.

## B. Lineweaver

Lineweaver contended that she was denied a tuition reimbursement benefit in retaliation for taking FMLA leave. Following this court's decision in 2008, Motorola tendered Lineweaver a check for twice the amount she claimed Motorola owed. Lineweaver accepted the tender and moved to convert it to a judgment so that she could petition the court for recovery of costs and attorney's fees. The court denied her petition and granted Motorola's motion to dismiss, finding that her claim was made moot by virtue of Motorola's tender. Lineweaver appealed.

## II. DISCUSSION

### A. Breneisen's Claims

Breneisen disputes the district court's holdings that (1) he is barred from collecting back pay and front pay

---

[1] *See* 29 U.S.C. § 2612(a)(1).

damages under the FMLA during periods when he was unable to work and his FMLA leave had been exhausted, and (2) an employer's conduct that exacerbates an employee's medical condition is not a valid grounds for an award of front pay under the FMLA.

A district court's interpretation of a federal statute such as the FMLA is a question of law which we review *de novo. See Walker v. United Parcel Service,* 240 F.3d 1268, 1277 (10th Cir. 2001). The parties do not dispute that since February 5, 2002, Breneisen has been unable to work and that he cannot be reinstated to his former position at Motorola. Nor does Breneisen allege that he was wrongfully terminated in retaliation for taking FMLA leave. In this sense, his claim is somewhat unique from most retaliation claims brought under the FMLA. As Motorola aptly described the argument in its brief, Breneisen claims that Motorola "harassed him when he returned from an approved leave of absence . . . that because of that [harassment], his medical condition became exacerbated, and that because of that [exacerbation] he could no longer work," ultimately causing him to permanently lose his job and suffer ongoing out-of-pocket losses for his medical treatment.

Setting aside the question of whether these allegations have any potential merit, we must first decide whether the FMLA permits recovery in a case of this nature. The magistrate judge concluded it does not. We agree.

Breneisen argues that the district court erred by granting Motorola's motion *in limine* to bar certain medical evidence which he believes supported his

claim. The crux of Breneisen's argument is that the alleged mistreatment he received from his supervisor at Motorola upon returning from his second leave in September 2001 exacerbated his pre-existing condition and caused him to take the third leave, from which he never returned. The evidence the district court excluded was offered to prove this alleged causal link.

We review a district court's ruling on a motion *in limine* for abuse of discretion. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 874 (7th Cir. 2011). Evidentiary questions such as the one before us are accorded great deference because they are "peculiarly within the competence of the district court." *Id.*

The district court granted Motorola's motion because it found no basis in the FMLA that would enable Breneisen to recover on his theory, even if the causal link he sought to establish proved to be true.

Though Breneisen's argument appears to be one of first impression in our circuit, it resembles the matter at issue in *Edgar v. JAC Products, Inc.*, 443 F.3d 501 (6th Cir. 2006), a Sixth Circuit case dealing with a similar "exacerbation" argument. In that case, the plaintiff was unable to return to work after her FMLA leave had expired. She alleged that her condition had persisted as a result of her employer's discriminatory and retaliatory conduct toward her. The Sixth Circuit affirmed the district judge's grant of summary judgment in *Edgar*, finding that the FMLA does not address the cause of an employee's injury. *Edgar*, 443 F.3d at 516. We agree that the cause of an injury is irrelevant under the

FMLA, although it would be relevant to a claim based in tort law.[2]

Even if the cause of an employee's medical condition were relevant under the FMLA, it would not be relevant in Breneisen's case, since the exacerbating conduct he alleges occurred after a second, unprotected leave. There seems to be no dispute that Motorola fully complied with the requirements of the FMLA during and immediately following Breneisen's first leave. At the end of that leave, his entitlement to twelve weeks of leave per year for a qualifying condition had been exhausted. In April 2001, Motorola again allowed him to take leave; when he returned to work five months later, the company reinstated him. His second reinstatement did not occur because the FMLA required it; rather, it appears to have been a courtesy extended to a long-standing employee. Although his second leave may have been "approved," an employer's approval of extra leave time has no bearing on the established parameters of taking leave pursuant to the FMLA. Since the retaliatory conduct which Breneisen alleges occurred happened when he was no longer subject to the FMLA's clearly defined protections, he is not entitled to recovery for an FMLA violation.

We share the Sixth Circuit's concerns about permitting recovery to an FMLA plaintiff on "exacerbation" grounds

---

[2]  Breneisen already filed an intentional infliction of emotional distress claim; we affirmed summary judgment in favor of Motorola on that claim when the case first came before us in 2008.

and adopt its holding that exacerbation is not a valid theory of liability under the FMLA. *See Edgar*, 443 F.3d at 516. Since stress can adversely affect many common ailments from which physically infirm employees suffer, granting relief on this basis would contravene the straightforward premise of the FMLA—to protect employees from adverse actions by their employers during finite periods when short-term personal or family medical needs require it. When serious medical issues render an employee unable to work for longer than the twelve-week period contemplated under the statute, the FMLA no longer applies. This is true regardless of the cause of the infirmity.

Having so held, we conclude that the district court did not err in dismissing Breneisen's claim.

### B.  Lineweaver's Claim

The only remaining question is whether an active claim or controversy still exists between Lineweaver and Motorola since attorney's fees on her separate FMLA claim have not been paid. She alleges these fees were part of her demand and that because Motorola did not account for these fees in its voluntary tender of $3,840.00 to her, the district court erred in dismissing her claim for mootness.

Whether a cause of action was properly dismissed for mootness is a question of law that we review *de novo. Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008).

A case is moot when there is no live controversy between the parties on the merits of the underlying claim.

As this court held in *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994), "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."

Lineweaver contends that her demand for attorney's fees keeps the case alive; we do not agree. It is well-settled that an interest in attorney's fees is insufficient to create a case or controversy when none exists on the merits. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

Lineweaver concedes that the FMLA requires a judgment to trigger the recovery of costs and attorney's fees. *See* App. Br. at 39. Under 29 U.S.C. § 2617(a)(3), such costs and fees are awarded "in addition to" any judgment awarded to a plaintiff in an FMLA case. This language clearly establishes that costs and fees are *ancillary* to the merits of a claim, not part of the claim itself.

Lineweaver's arguments that the result is manifestly unjust and contrary to public policy recall the "catalyst theory" which the Supreme Court has rejected. *Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Services*, 532 U.S. 598, 605 (2001). The catalyst theory posits that when a lawsuit has brought about a voluntary change in the defendant's conduct, the plaintiff should be considered a prevailing party because the desired result was achieved. *Id.* at 601. In rejecting this theory, the Supreme Court noted that there must be a judicially sanctioned change in the relationship between the parties for a court to award at-

torney's fees on the basis of the change. We find that a voluntary tender of sums allegedly owed to the plaintiff lacks the requisite "judicial imprimatur" referenced in *Buckhannon. Id.* at 605. Accordingly, the district court appropriately dismissed Lineweaver's claim.

### III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's dismissal of the appellants' FMLA claims.