Lauren MINNITI, individually and as the representative of a class of similarly situated persons, Plaintiff,

v.

Christopher S. EILERS, et al., Defendants.

No. 14–cv–22294.

United States District Court, S.D. Florida.

Signed Sept. 23, 2014.

Brian J. Wanca, Ryan Michael Kelly, Anderson & Wanca, Rolling Meadows, IL, Ross M. Good, Leslie Mitchell Kroeger, Cohen Milstein Sellers & Toll, PLLC, Palm Beach Gardens, FL, for Plaintiff.

Richard A. Buckley, Law Offices of Buckley Correa, Weston, FL, Brian P. Perryman, Waldemar J. Pflepsen, Jr., Carlton, Fields, Jorden, Burt, P.A., Washington, DC, Elizabeth M. Bohn, Carlton Fields Jorden Burt, P.A., Miami, FL, for Defendants.

## *ORDER*

BETH BLOOM, District Judge.

**THIS CAUSE** has come before the court upon the Plaintiff's Motion for Class Certification [ECF No. 4]. Plaintiff, Lauren Minniti, filed a Class Action Complaint [ECF No. 1] against John Hancock Financial Network, Inc., John Hancock Life & Health Insurance Company, John Hancock Life Insurance Company (U.S.A.) (collectively referred to herein as "the John Hancock Defendants"), Christopher S. Eilers, Aspire Financial Partners, and John Does 1–10, alleging that the defendants transmitted unsolicited advertising facsimiles to the Plaintiff and other unknown persons (putative class members) in violation of the federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.*, ("JFPA" or "the Act"). The Class Action Complaint seeks class certification, injunctive relief and actual or statutory damages ($500.00 per violation), prejudgment interest, costs and other relief.

Three days after filing the complaint, Plaintiff filed her Motion for Class Certification and asked the court to defer ruling on the motion until class discovery can be completed. She is attempting to avoid the possibility of having the class action dismissed for mootness in the event that the defendants serve a Rule 68 offer of judgment that fully satisfies her claims. *See Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir.2011) (Rule 68 offer of judgment, made before a Rule 23 motion for class certification was filed and that fully satisfied named plaintiff's individual claim, rendered class action claims moot and subject to dismissal). On the other hand, the John Hancock Defendants argue that the Plaintiff's justification for the motion does not make it proper. Defendants claim that the motion should be denied because it is premature, it is unsupported by a memorandum of law as required by Local Rule 7.1(a) and it is devoid of any facts that would support class certification.

The issue derives from the uncertainty in the law. "The circuits are split regarding whether an offer of judgment made to the named plaintiff in a class action moots the entire case." *Porter v. Collecto, Inc.,* No. 14–21270–CIV, 2014 WL 2883979 (S.D.Fla. June 25, 2014). The Eleventh Circuit has not specifically ruled on the issue. The Seventh Circuit has ruled that an offer of judgment made to the named plaintiff before a motion for class certification is filed moots the class action. *Damasco,* 662 F.3d 891. Other courts have held that an unaccepted offer of judgment for the full amount of the named plaintiff's claim *will not* moot a class action if it was made before the court could reasonably rule on the issue of class certification, regardless of whether the class action motion was the first filed. *Weiss v. Regal Collections,* 385 F.3d 337 (3d Cir.2004); *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1091–92 (9th Cir.2011); *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1250 (10th Cir.2011).

Two judges in this district have expressed approval of the tactic taken by Plaintiff in this case. *Krzykwa v. Phusion Projects,*

*LLC,* 920 F.Supp.2d 1279, 1283 (S.D.Fla. 2012) ("As set forth by the Seventh Circuit in *Damasco,* a plaintiff could easily avoid this situation by simultaneously filing a motion for certification with his complaint.") (Middlebrooks, J.); *Porter v. Collecto, Inc.,* 2014 WL 2883979 *4 ("The Court thus finds that the requirement that a plaintiff representing a putative class can effectively undercut the potential mooting effects of an offer of judgment by filing a motion for class certification at the same time as the complaint or prior to the offer of judgment is a simple and elegant solution.") (Moreno, J.)

Other district judges have concluded differently. *Capote v. United Collection Bureau, Inc.,* No. 09–61834–CIV, 2010 WL 966859 (S.D.Fla. Mar. 12, 2010) (granting plaintiff's motion to amend complaint to raise class action allegations *after* an offer of judgment was made) (Cohn, J.); *Church v. Accretive Health, Inc.,* 299 F.R.D. 676, 679 (S.D.Ala.2014) ("[P]laintiff advocates a system in which litigants race to the courthouse to file empty, placeholder motions that may or may not ever be litigated, and are neither required nor encouraged by the Federal Rules of Civil Procedure.") (Steele, J.)

This court acknowledges Plaintiff's concern that *if* the defendants make an offer of judgment that satisfies her individual claims and *if* the Eleventh Circuit eventually holds that such an offer of judgment moots her claim, the class action would not be maintainable with her as the named representative. However, the court is not inclined to rule on possibilities. Pending before the court at this time is a Rule 23 class certification motion which is not supported by any facts or legal argument. The John Hancock defendants are correct that the Motion for Class Certification is premature. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Class Certification [ECF No. 4] be and the same is **DENIED WITHOUT PREJUDICE.**