**Thomas JENNINGS, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**CONTINENTAL SERVICE GROUP, INC., doing business as ConServe, and Does 1–10, inclusive, Defendants.**

1:15–CV–0575 EAW

United States District Court,
W.D. New York.

Signed January 26, 2016

Sergei Lemberg, Lemberg & Associates, LLC, Williamsville, NY, Stephen F. Taylor,

Lemberg Law, LLC, Stamford, CT, for Plaintiff.

Brendan H. Little, Lippes Mathias Wexler Friedman LLP, Buffalo, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### INTRODUCTION

Plaintiff Thomas Jennings ("Plaintiff") brought this putative class action against Defendant Continental Service Group, Inc. d/b/a/ ConServe ("Defendant") and Does 1–10, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* (Dkt.1).[1] In his amended complaint, Plaintiff alleges Defendant made automated telephone calls to his wireless telephone number and to the telephone numbers of other Class members using prerecorded or artificial voice, and that these calls were made without the prior written express consent of Plaintiff or other Class members in violation of the TCPA. (Dkt. 8–1 at ¶ 31).

Presently before the Court is Plaintiff's motion for class certification and for a stay of the decision on the motion for class certification. (Dkt.9).[2] For the reasons set forth below, Plaintiff's motion is denied without prejudice.

### DISCUSSION

■ "In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 201–02 (2d Cir.2008). Then the court may consider granting class certification where one of the scenarios set forth under Fed.R.Civ.P. 23(b)(1)-(3) is satisfied. "The party seeking

class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.,* 624 F.3d 537, 547 (2d Cir.2010).

■ Class certification "is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) (quoting *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Here, the Court is unable to conduct a "rigorous analysis" because Plaintiff filed his motion at the same time as his amended complaint and there has been no discovery. In particular, as Defendant notes, Plaintiff's claim that the proposed class satisfies the numerosity requirement of Rule 23(a)(1) is based on "pure speculation." (Dkt. 15 at 4).

Plaintiff does not dispute that the Court is unable to decide the motion for class certification at this time, but instead requests a stay of the decision, claiming he makes his motion "to preserve his interest in the class claims and ward against any attempt to pick off lead plaintiff claims through a Fed. R.Civ.P. 68 or other settlement offer which does not provide for class-wide relief." (Dkt. 9–1 at 5). Plaintiff asks the Court to "enter an Order certifying this case as a class action, with the ruling on this matter to be stayed until the completion of discovery." (*Id.*).

Rule 68 states "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If ... the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance.... The clerk must then enter judgment." Fed.R.Civ.P. 68(a).

---

1. Plaintiff also asserts an individual claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Dkt. 8–1 at ¶¶ 4, 45–52).

2. Plaintiff filed a motion for class certification and to stay the decision on the motion on June 26, 2015, the same day he filed his original

complaint. (Dkt.2). At the time Plaintiff filed his amended complaint on August 14, 2015, he also filed a duplicative motion for class certification and to stay the decision on the motion. (Dkt.9). Plaintiff's second motion is discussed herein, and his first motion (Dkt.2) is dismissed as moot.

Presumably, Plaintiff filed his premature motion for class certification in accordance with the recommendation set forth by the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir.2011). In *Damasco,* the court held that a Rule 68 offer of judgment for full relief to the putative class plaintiff mooted the action if there was no class certification motion pending on the docket. *Id.* at 896 ("[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."). The court offered a "simple solution to the buy-off problem," recommending a plaintiff move to certify the class at the same time they Filed their complaint, so that the pendency of that motion would protect a putative class from attempts to buy off the named plaintiffs. *Id.* The court further stated, "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

The Seventh Circuit recently overruled its decision in *Damasco,* holding that a defendant's offer of full compensation does not moot the case for lack of case or controversy, and that a case only becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir.2015) (internal quotation omitted).

More importantly, on January 20, 2016, noting a circuit split on the issue, the United States Supreme Court issued a decision resolving the question of whether an unaccepted offer can moot a putative class action plaintiff's claim, thereby depriving federal courts of Article III jurisdiction. *Campbell–Ewald Co. v. Gomez*, —— U.S. ——, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). The Court concluded that an "unaccepted settlement offer or offer of judgment does not moot a plaintiff's case . . . ." *Id.* at 672. The Court reasoned that once the plaintiff declined the settlement offer, considering the defendant still denied liability, "the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id.* at 671.

■ The Second Circuit's existing case law on the subject is in accordance with the findings of the Supreme Court. That is, "an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot before the entry of judgment against the defendants." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 197 (2d Cir.2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 979, 194 L.Ed.2d 3 (2015). The Court refrained from "reaching the certified question of whether putative class action claims brought under Rule 23 of the Federal Rules generally provide an independent basis for Article III justiciability," but explained:

> [I]t remains the established law of this Circuit that a rejected settlement offer under Rule 68, by itself, cannot render moot a case. If the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment. Then, after judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III. Absent such an agreement, however, the district court should not enter judgment against the defendant if it does not provide complete relief.

*Id.* at 200 (quotations and citations omitted).

■ Against this backdrop, the Court must decide if it is appropriate at this time to decide Plaintiff's motion for class certification or to stay a decision on class certification pending discovery. Under existing case law, the issue of whether a Rule 68 offer would moot the class action lawsuit would only become ripe for resolution if, in fact, a Rule 68 offer was made *and* accepted. Not only has no such offer been made in this case, at least as far as the Court is aware based on the record before it, but it seems reasonable to conclude that the Plaintiff in this case would have no intention of accepting such an offer. Therefore, Plaintiffs proffered reason for its admittedly premature Rule 23 class certification motion is not persuasive.

Particularly in view of the clearly established law as set forth in the Supreme Court's decision in *Campbell–Ewald Co.* that an unaccepted Rule 68 offer will not moot a

plaintiff's case, and Plaintiff's ready acknowledgment that the class certification motion is premature, this Court finds, as have other courts, that "there is nothing to be gained by continuing or holding in abeyance a premature, undeveloped motion for class certification and allowing it to remain open on the docket indefinitely." *Carlin v. Davidson Fink LLP*, No. (JS)(GRB), 2014 WL 4826248, at *5 (E.D.N.Y. Sept. 23, 2014), *vacated on other grounds*, 2015 WL 5794250 (E.D.N.Y. Sept. 30, 2015); *see also 3081 Main Street, LLC v. Business Owners Liability Team LLC*, No. 3:11–cv–1320 (SRU), 2012 WL 4755048, at *2 (D.Conn. Sept. 24, 2012). Judicial economy and effective management of the Court docket are not served by allowing a premature motion to remain pending indefinitely, in an effort to ward off a potential Rule 68 offer by Defendant.

Discovery is needed on factual issues related to class certification. As a result, Plaintiff's motion for class certification (Dkt.9) is denied without prejudice. If and when Plaintiff obtains the facts necessary to meet his burden of establishing that Rule 23's requirements have been met, Plaintiff may renew his motion for class certification.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification (Dkt.9) is denied without prejudice.

SO ORDERED.