In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3005

STEVEN J. THOROGOOD,

*Plaintiff-Appellant*,

*v.*

SEARS, ROEBUCK AND COMPANY,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 cv 1999—**Harry D. Leinenweber**, *Judge*.

SUBMITTED JANUARY 6, 2010—DECIDED FEBRUARY 12, 2010

Before POSNER, KANNE, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*.   This appeal is a sequel to an earlier appeal by the plaintiff that we decided against him. See 547 F.3d 742 (7th Cir. 2008). The plaintiff, a Tennessean, had bought a Kenmore-brand clothes dryer from Sears Roebuck (Kenmore is a Sears brand name). The words "stainless steel" were imprinted on the dryer, but part of the dryer's drum was made of another material. He filed a class action suit in an Illinois state court on

behalf of himself and the other purchasers, scattered across 28 states plus the District of Columbia, of the half million or so Kenmore dryers represented in the labeling and advertising of the dryers as containing stainless steel drums. The suit claimed that the representation that the dryer contained a stainless steel drum violated the Tennessee Consumer Protection Act, Tenn. Code. §§ 47-18-101 *et seq.*, and similarly worded state consumer protection statutes in the states of the other members of the class. The suit was removed to federal district court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711-1715, and the district judge certified the class. We accepted the defendant's appeal from the order of class certification, Fed. R. Civ. P. 23(f), and reversed, ordering the class decertified.

We called the suit "a notably weak candidate for class treatment. Apart from the usual negatives, there are no positives: not only do common issues of law or fact not predominate over the issues particular to each purchase and purchaser of a 'stainless steel' Kenmore dryer, as Rule 23(b)(3) of the Federal Rules of Civil Procedure requires, but there are *no* common issues of law or fact, so there would be no economies from class action treatment." 547 F.3d at 746-47 (emphasis in original). Because there is no "reason to believe that there is a single understanding of the significance of labeling or advertising clothes dryers as containing a 'stainless steel drum,'" *id.* at 748, evaluation of the class members' claims would require individual hearings; each class member would have to testify to what he understood by such a label or advertisement. We also expressed great skepticism of the merits of the plaintiff's individual claim.

With the case on remand reduced to that claim, and the parties in agreement that the maximum damages that the plaintiff could recover under Tennessee law were $3,000, the defendant made an offer of judgment under Rule 68 of $20,000 inclusive of attorneys' fees. The district judge, believing that the plaintiff should receive no attorneys' fees (the Tennessee Consumer Protection Act makes an award of attorneys' fees in a suit under the Act discretionary, Tenn. Code § 47-18-109(e)(1); see also Tenn. Sup. Ct. R. 8; *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 533-37 (Tenn. App. 2002)), dismissed the suit for want of subject-matter jurisdiction. The offer exceeded the amount in controversy and so the case was moot. *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1014-15 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991); *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 576 (6th Cir. 2009).

The plaintiff argues that the district court lost jurisdiction under the Class Action Fairness Act when we decertified the class, and so the case should have been remanded to the state court in which it began, as in any other case that is improperly removed. That contention was rejected in *Cunningham Charter Corp. v. Learjet, Inc.*, No. 09-8042, 2010 WL 199627 (7th Cir. Jan. 22, 2010), which did recognize an exception for cases in which the claim that the suit can be maintained as a class action is frivolous—but the claim in this case was not (quite) frivolous.

The plaintiff argues in the alternative that the district court was wrong to think him entitled to no award of

attorneys' fees. (Notice that if the judge was right, the offer of judgment gave the plaintiff a $17,000 windfall.) The plaintiff incurred attorneys' fees of $246,000 and even though they exceeded the value of the relief he received by a factor of 82, he contends that the fees were a worthwhile investment and the defendant should be required to reimburse him for them. The defendant offered him a sum equal to the maximum damages (and more) that he could have obtained for his individual claim after the district court rejected the defendant's motion for summary judgment based on the statute of limitations and on other grounds, and he argues that his theory of liability was therefore vindicated and its vindication will help other purchasers of "stainless steel" Kenmores should they file individual suits.

The award of attorneys' fee in excess—even far in excess—of the relief a plaintiff obtained can be reasonable if the suit conferred value above and beyond that relief. *City of Riverside v. Rivera*, 477 U.S. 561, 574-80 (1986) (plurality opinion); *Molnar v. Booth*, 229 F.3d 593, 605 (7th Cir. 2000); *Hyde v. Small*, 123 F.3d 583, 585-86 (7th Cir. 1997); *Lowry ex rel. Crow v. Watson Chapel School District*, 540 F.3d 752, 764-65 (8th Cir. 2008). That is the federal rule and the rule in Tennessee as well. E.g., *Keith v. Howerton*, 165 S.W.3d 248, 251-53 (Tenn. App. 2004); *Killingsworth v. Ted Russell Ford, Inc., supra*, 104 S.W.3d at 534-37. But ordinarily it must be relief ordered by a court rather than relief provided by a settlement. That is the usual federal rule, *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 604-05 and n. 7 (2001); *Bingham v. New Berlin*

*School District*, 550 F.3d 601, 602-03 (7th Cir. 2008) (for an exception, however, see *Cornucopia Institute v. U.S. Dept. of Agriculture*, 560 F.3d 673, 677 (7th Cir. 2009)), and again it is the Tennessee rule as well; the Tennessee Consumer Protection Act expressly requires "a finding that a provision of [the Act] has been violated" for attoneys' fees to be awarded. Tenn. Code § 47-18-109(e)(1).

The relief that the plaintiff received was not ordered by a court. The district judge ruled that as a matter of law the plaintiff could not recover damages in excess of $3,000 and that he was not entitled to any award of attorneys' fees. The defendant's offer was thus far in excess of the plaintiff's maximum entitlement. It is true that a defendant cannot defeat a valid claim of attorneys' fees by making an offer of judgment that covers merely the plaintiff's damages and arguing that therefore the case is moot. In order to moot the case, the offer must include a reasonable attorney's fee, *Marek v. Chesny*, 473 U.S. 1, 5-7, 9 (1985); *O'Brien v. Ed Donnelly Enterprises, Inc.*, *supra*, 575 F.3d at 575-76; see *Thompson v. Southern Farm Bureau Casualty Ins. Co.*, 520 F.3d 902, 904 (8th Cir. 2008) (per curiam) (although it need not do so explicitly, *Marek v. Chesny*, *supra*, 473 U.S. at 5-7), if as in this case the entitlement to such a fee is a part of the plaintiff's claim. But the district judge was within his discretion in deciding that no fee should be awarded. The plaintiff's individual claim, as we indicated in our previous opinion, was notably weak, his understanding of Sears's "stainless steel" representation being almost certainly unreasonable. 547 F.3d at 747. The defendant's offer of $20,000 was intended to get rid of a nuisance claim. The

making of the offer was not a vindication of the plaintiff's theory of liability, an acknowledgment that it had some potential merit.

Furthermore, the $246,000 in fees that the plaintiff seeks to be reimbursed for were incurred in attempting to maintain the suit as a class action; no sane person incurs fees in that amount to prosecute a claim worth at most $3,000. The plaintiff's effort to exalt his meager claim into a sprawling nationwide class action was a flop. Sears should not have to bear the entire cost of the flop. See *O'Brien v. Ed Donnelly Enterprises, Inc.*, *supra*, 575 F.3d at 576; *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 152-53 (2d Cir. 2008).

The plaintiff could not be permitted to litigate a claim for $3,000 tops (no attorneys' fee) when the defendant was offering him $20,000. He didn't have to accept the offer, but he couldn't turn it down and continue litigating, except that he could (and did) appeal.

In the remote event that, no offer of judgment being made, the plaintiff would have gone on to win $3,000 at trial, the district court might have awarded him something more than $17,000 in attorneys' fees. "One purpose of allowing an award of attorneys' fees to a prevailing plaintiff is to disable defendants from inflicting with impunity small losses on the people whom they wrong." *Orth v. Wisconsin State Employees Union Counsel 24*, 546 F.3d 868, 875 (7th Cir. 2008); see also *Fletcher v. City of Fort Wayne*, 162 F.3d 975, 976 (7th Cir. 1998) (citation omitted) ("a plaintiff with a small claim who achieves a complete recovery is entitled to fees, because civil rights

laws entitle victims of petty violations to relief. The cumulative effect of minor transgressions is considerable, yet they would not be deterred if fees were unavailable"). Maybe no competent lawyer would handle a suit worth at most $3,000 for as little as $17,000, especially since, given the weakness of the claim, its expected value was much less. But the defendant's offer of $20,000 cannot be taken as an acknowledgment that the plaintiff was entitled to *any* award of attorneys' fees, let alone an acknowledgement of the merits of the plaintiff's claim; the offer as we said was intended to terminate a nuisance suit costly to defend against.

Anyway the plaintiff doesn't argue that his "success" in obtaining relief on his individual claim justified an attorney's fee of more than $17,000. He stakes his all on the proposition that his efforts conferred a benefit on the class worth at least $246,000. The district judge did not abuse his discretion in assessing the benefit to the class that we resoundingly ordered be decertified at $0.

AFFIRMED.