NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012[*]
Decided April 5, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-3632 | |
| | Appeal from the |
| ROGER W. ALSWAGER, | United States District Court |
| *Plaintiff-Appellant,* | for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-CV-52-JPS |
| | |
| ROCKY MOUNTAIN INSTRUMENTAL | J.P. Stadtmueller, |
| LABORATORIES, INC. and ROBERT K. LANTZ, | *Judge*. |
| *Defendants-Appellees.* | |

**O R D E R**

Roger Alswager brought this diversity suit against Dr. Robert Lantz and his chemical-testing company, Rocky Mountain Instrumental Laboratories, asserting a breach of contract and several tort claims. He contended that the defendants' failure to timely return certain blood-test results precluded him from mounting a defense to his state charge for drunk driving. The district court granted summary judgment for the defendants on

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Alswager's tort claims and dismissed the contract claim as moot after the defendants offered to reimburse him for the costs of the blood tests. We affirm the judgment, although on somewhat different grounds.

Alswager was arrested in Wisconsin in 2007 and charged with driving while intoxicated. *See* WIS. STAT. § 346.63(1)(a). He intended to contest the charge by arguing that he became intoxicated involuntarily after accidentally taking one of his wife's Ambien sleeping pills.[1] More specifically, he wanted to argue that he was under the influence of that sedative and was sleep-walking and thus unaware that he drank alcohol before driving. He enlisted Dr. Lantz, a chemist and registered medical technologist, to testify that Ambien's side effects may include this dissociative behavior. In January 2009, several weeks before his trial on the drunk-driving charge, Alswager arranged to have the blood samples that were drawn at the time of his arrest sent to Dr. Lantz, who agreed to test the samples for the presence of Ambien and alcohol. The week before trial, Dr. Lantz returned the results of the alcohol test, which measured Alswager's blood-alcohol content as .211, nearly triple the legal limit in Wisconsin. Dr. Lantz informed Alswager that he would conduct the Ambien test later that week. By the start of Alswager's trial, however, he had not finished the test. Alswager's attorney conducted the two-day trial without the results, and Alswager was convicted by a jury. As it turned out, on the second morning of the trial, Dr. Lantz sent Alswager's attorney an e-mail confirming the presence of Ambien in Alswager's blood, but the attorney did not see the message until hours after the jury had rendered the verdict.

Alswager's attorney moved for a new trial, proposing to bolster the involuntary intoxication defense with the results of the blood test. The trial court denied the motion, and Alswager, by that point proceeding pro se, appealed. The Wisconsin Court of Appeals rejected his argument that the accidental ingestion of sleeping pills could establish an involuntary intoxication defense, and affirmed his conviction as well as the order denying postconviction relief. *State v. Alswager*, No. 2008AP3046-CR (Wis. Ct. App. Apr. 20, 2011).

In the meantime, Alswager brought this diversity action again Dr. Lantz and Rocky Mountain, claiming that Dr. Lantz's failure to return the Ambien test results before trial constituted a breach of contract, negligence, misrepresentation, and breach of fiduciary

---

[1] Ambien, the brand name for a drug called zolpidem, works by slowing activity in the brain to allow sleep. The National Library of Medicine reports that this medicine has been known to induce sleep-walking, driving, and eating while not fully awake. *See* National Center for Biotechnology Information, U.S. National Library of Medicine, Zolpidem, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000928 (last visited Apr. 2, 2012).

duty. The late test results, he maintained, prevented him from effectively defending against the criminal charge and burdened him with the cost and inconvenience of appealing the resulting state conviction. Alswager sought compensatory damages—including the legal expenses he incurred pursuing postconviction relief—and also an award of punitive damages.

The district court granted the defendants' motion for summary judgment as to Alswager's tort claims but allowed the contract claim to proceed. The court rejected Alswager's contention that the defendants, "as professionals testing his blood," undertook a duty that would subject them to tort liability. Regarding the contract claim, however, the court concluded that Alswager presented sufficient evidence that the defendants had agreed to complete the blood testing before his trial. But the court strictly limited the damages Alswager could recover on the contract claim; his "maximum entitlement to damages," the court held, was the amount he paid Dr. Lantz and Rocky Mountain under the contract.

The defendants then tendered the full amount of those damages, sending Alswager a check for $1,040—the contract price he had paid for the blood tests, plus interest. Alswager refused to accept the check. The defendants then moved to dismiss the contract claim as moot, contending that no dispute remained after Alswager rejected their offer of all available relief. Alswager did not disagree that the check represented full reimbursement of the contract price, but he insisted that the offer was incomplete because it did not include the costs of litigating his state postconviction motion and appeal.

The district court granted the defendants' motion and dismissed the contract claim as moot. The court recounted its earlier ruling that Alswager could not recover the legal expenses of his state litigation and reiterated that any recovery on the contract claim would be limited to the price Alswager paid under the contract. Because the offer of that amount plus interest constituted "the entirety of the relief to which [Alswager] is entitled under the law," the court concluded that no controversy remained.

On appeal Alswager argues that the defendants' offer did not moot his contract claim because it did not include recovery of the legal expenses he incurred in his state postconviction proceeding and appeal. His claim for those damages, he maintains, kept the controversy alive. We agree that the case is not moot, but affirm on other grounds.

In some circumstances, a defendant may effectively eliminate a controversy by offering to satisfy a plaintiff's entire demand. *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 752–53 (7th Cir. 2010); *Gates v. Towery*, 430 F.3d 429, 431–32 (7th Cir. 2005); *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987); *see Weiss*

*v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). Once a plaintiff is offered all the relief he requested, no dispute remains, and the case is moot. *See Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1125 (7th Cir. 1996); *Holstein*, 29 F.3d at 1147; *Rand*, 926 F.2d at 598.

Here, however, the defendants' offer did *not* include all the damages Alswager sought and thus did not moot the case. *See Gates*, 430 F.3d at 431–32; *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 96 (2d Cir. 2007). It's true that the offer included all the relief to which Alswager was entitled *under the district court's ruling*, but whether that ruling was correct remains a live issue for appeal. Alswager sought to recover the costs from his state litigation as an item of consequential damages on his contract claim. The district court properly concluded that he could not recover those expenses because the Wisconsin Court of Appeals had rejected his contention that the late delivery of the test results would have made a difference in his trial. Accordingly, the district court was correct that the sum of money offered to Alswager was all that he could recover. It was likely more—the offer included the cost of the test for alcohol, which has never been part of Alswager's contract claim.

Alswager also challenges the district court's rejection of his tort claims and insists that Rocky Mountain, as a "blood-testing laboratory," owed him a duty apart from the contract. That contention is meritless. As the district court explained, Alswager has not established that the defendants undertook "a duty existing independently of the performance of the contract." *See Greenburg v. Stewart Title Guar. Co.*, 492 N.W.2d 147, 151–52 (Wis. 1992).

We have reviewed Alswager's other contentions, but none has merit.

AFFIRMED.