In the

# United States Court of Appeals

## For the Seventh Circuit

———————

Nos. 14-2773 & 14-2775

ARNOLD CHAPMAN,

*Plaintiff-Appellant,*

*and*

ALL AMERICAN PAINTING, INC.,

*Putative Intervenor-Appellant,*

*v.*

FIRST INDEX, INC.,

*Defendant-Appellee.*

———————

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 5555 — **Sara L. Ellis**, *Judge.*

———————

ARGUED MAY 19, 2015 — DECIDED AUGUST 6, 2015

———————

Before POSNER, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* This is another of the surprisingly many junk-fax suits under 47 U.S.C. §227, the Telephone Consumer Protection Act, which together with the FCC's implementing regulations establishes some simple

rules that many fax senders ignore. This suit involves two of those requirements: first, that commercial faxes be sent only to those who have agreed to receive them; second, that commercial faxes include instructions about how to opt out of receiving more.

When this suit began in 2009, its sole plaintiff, Arnold Chapman, proposed to represent a class of persons who received faxes from First Index despite not having given consent. First Index responded that it always had recipients' consent, though it may have been verbal (at trade shows or during phone conversations). Discovery was conducted and experts' reports submitted. Chapman then asked the judge to certify a class of all persons who had received faxes from First Index since August 2005 (four years before the complaint was filed) without their consent. The district court declined, ruling that the difficulty of deciding who had provided oral consent made it infeasible to determine who is in the class. 2014 U.S. Dist. LEXIS 27556 (N.D. Ill. Mar. 4, 2014).

Chapman then proposed a different class: All persons whose faxes from First Index either lacked an opt-out notice or contained one of three specific notices that Chapman believes violate the FCC's regulations. The district court declined to certify that class too, ruling that the proposal came too late—more than 18 months after discovery had closed. 2014 U.S. Dist. LEXIS 96397 (N.D. Ill. July 16, 2014). The district judge found that Chapman had known about the potential notice issue from the outset of the litigation but had made a strategic decision not to pursue it earlier. Changing the focus of the litigation almost five years into the case was impermissible, the judge concluded. For good measure, the

judge dismissed Chapman's own claim as moot and entered a final, take-nothing judgment.

The parties and the district judge have proceeded as if Chapman's proposal to certify a class defined with reference to the opt-out notice requires an amendment to the complaint, to which the standards of Fed. R. Civ. P. 15(a)(2) apply. They don't say why, and we can't see why. A complaint must contain three things: a statement of subject-matter jurisdiction, a claim for relief, and a demand for a remedy. Fed. R. Civ. P. 8(a). Class definitions are not on that list. Instead the obligation to define the class falls on the judge's shoulders under Fed. R. Civ. P. 23(c)(1)(B). See *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). The judge may ask for the parties' help, but motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint.

This does not affect the disposition, however, because no matter how the subject is approached a district judge has discretion to reject an attempt to remake a suit more than four years after it began. The judge thought Chapman's delay inexcusable. He knew about the potential opt-out issue from the outset but did not propose a class centered on it until the parties had borne the expense of discovery into how First Index obtained consent from the recipients, and the judge had resolved motions addressed to that topic. Chapman wanted a fallback position, but the court thought that the opt-out issue should have been pressed earlier. The judge wrote: "Such gamesmanship is not appropriate, particularly where Chapman was aware of the potential that his class definition was deficient yet spurned several opportunities to cure that deficiency." 2014 U.S. Dist. LEXIS 96397 at

*10. Insisting that representative plaintiffs put their class def-initions on the table "[a]t an early practicable time" (Rule 23(c)(1)(A)) is not an abuse of discretion, as that's the Rule's own schedule for judicial action. Four and a half years into the case cannot be called "early".

Having declined to certify a class identified by the opt-out notices, the district court concluded that All American Painting, Inc., could not intervene as a new representative plaintiff. All American wanted to replace Chapman, should the district court dismiss his claim, but only if the court certi-fied a class centered on the opt-out notices. Given our con-clusion that the court was entitled to reject an opt-out-notice class, we also affirm its denial of All American's motion to intervene.

This brings us to Chapman's personal claim. He contends that he did not agree to receive faxes from First Index but got two anyway. Section 227(b)(3)(B) authorizes awards of actual damages or $500 per fax, whichever is greater, and can be trebled if the violation was willful, so Chapman de-manded $3,000 plus an injunction under §227(b)(3)(A). (Chapman does not identify actual damages beyond the an-noyance and modest costs in paper and toner of receiving unwanted faxes.) While Chapman's motion to represent a class of non-consenting recipients was pending, First Index made an offer of judgment under Fed. R. Civ. P. 68: $3,002, an injunction, and costs, but not attorneys' fees (§227 is not a fee-shifting statute). First Index recognized that Chapman could not accept this offer while the motion for class certifi-cation was pending (that would amount to abandonment of the persons he undertook to represent), but it did not want to leave the offer open indefinitely. The offer stated that it

would expire 14 days after the district court ruled on the motion for class certification. Chapman never replied to the offer, which lapsed on March 18, 2014. First Index then asked the district court to dismiss Chapman's personal claim as moot, and the court granted that motion.

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees International Union*, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks and source omitted). Many other decisions say the same thing. By that standard, Chapman's case is not moot. The district court could award damages and enter an injunction. Chapman began this suit seeking those remedies; he does not have them yet; the court could provide them.

We acknowledge that many courts, this one included, have applied the label "moot" when a plaintiff declines an offer that would satisfy his entire demand. See, e.g., *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011); *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 752 (7th Cir. 2010); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (dismissal required, but the opinion does not call the dispute moot). Cf. *Smith v. Greystone Alliance, LLC*, 772 F.3d 448 (7th Cir. 2014) (an offer has this effect only if it covers everything the plaintiff wants, as opposed to what the defendant concedes is due). But Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532–37 (2013) (joined by Ginsburg, Breyer & Sotomayor, JJ.), shows that an expired (and unaccepted) offer of a judgment does not satisfy the Court's definition of mootness, because relief remains possible.

None of the other Justices in *Genesis Healthcare* disagreed with Justice Kagan's analysis; instead the majority thought

that the issue had not been presented for decision. Courts of appeals that have considered this issue since *Genesis Healthcare* uniformly agree with Justice Kagan. See, e.g., *Tanasi v. New Alliance Bank*, 786 F.3d 195 (2d Cir. 2015); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), cert. granted, 135 S. Ct. 2311 (2015). The issue is before the Supreme Court in *Gomez*, and we think it best to clean up the law of this circuit promptly, rather than require Chapman and others in his position to wait another year for the Supreme Court's decision.

If an offer to satisfy all of the plaintiff's demands really moots a case, then it self-destructs. Rule 68 is captioned "Offer of Judgment". But a district court cannot enter judgment in a moot case. All it can do is dismiss for lack of a case or controversy. So if the $3,002 offer made this case moot, then even if Chapman had accepted it the district court could not have ordered First Index to pay. It could have done nothing but dismiss the suit. Likewise with First Index's offer to have the district court enter an injunction. As soon as the offer was made, the case would have gone up in smoke, and the court would have lost the power to enter the decree. Yet no one thinks (or should think) that a defendant's offer to have the court enter a consent decree renders the litigation moot and thus prevents the injunction's entry.

Rule 68(d) provides the consequence of a decision not to accept: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Failure to accept a fully compensatory offer also may suggest that the plaintiff is a bad representative of the class, for he has nothing to gain (implying poor incentives to monitor counsel)

and may have given up something the class values (here, an injunction that would have stopped any further improper faxing). But all of these upshots differ from outright dismissal on the basis of mootness.

We overrule *Damasco*, *Thorogood*, *Rand*, and similar decisions to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy. As Circuit Rule 40(e) requires, this opinion has been circulated to all judges in active service. None favored a hearing en banc.

No more need be said to resolve this appeal, for by the time the district court dismissed the suit the offer had long expired, and First Index has not argued for affirmance on any ground other than mootness.

Rejecting a fully compensatory offer may have consequences other than mootness, however. As we put it in *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999), "[y]ou cannot persist in suing after you've won." Although even a defendant's proof that the plaintiff has *accepted* full compensation ("accord and satisfaction" in the language of Rule 8(c)(1)) is an affirmative defense rather than a jurisdictional bar, the conclusion that a particular doctrine is not "jurisdictional" does not make it vanish. The question raised by *Greisz* and similar opinions is whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver. That would be consistent with Rule 68, which is designed for offers of compromise (the normal kind of settlement) rather than offers to satisfy the plaintiff's demand fully. Cost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer, when the plaintiff does not even

*request* that the court award more than the defendant is prepared to provide.

*Genesis Healthcare* and most of the other decisions we have mentioned arose from class actions. Settlement proposals designed to decapitate the class upset the incentive structure of the litigation by separating the representative's interests from those of other class members. So it may be that, in class actions, the conclusion "not moot" implies that the case should be allowed to continue—for even a settlement offer after the district judge has declined to certify a class may be designed to prevent an effective appeal (or at least change everyone's incentives about whether to appeal).

If there is only one plaintiff, however, why should a court supply a subsidized dispute-resolution service when the defendant's offer means that there's no need for judicial assistance, and when other litigants, who do need the court's aid, are waiting in a queue? Ordering a defendant to do what it is willing to do has no legitimate claim on judicial time. Why should a judge do legal research and write an opinion on what may be a complex issue when the plaintiff can have relief for the asking? Opinions are supposed to be the by-products of real disputes. But defendants do not make an argument along these lines. Nor did their offer remain open, so a court could not say (as may well be true) that there is no sum currently in dispute. A fleeting offer could not reasonably be equated to full compensation. Is 14 days long enough for an offer's consideration? How a court should deal with these situations can be left for another day, when the parties have addressed them.

The district court's order denying All American's motion to intervene is affirmed. The district court's judgment is af-

firmed to the extent it declines to certify a class but vacated with respect to Chapman's personal claim, and the case is remanded for decision on the merits of that claim.