NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 17, 2015
Decided October 21, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1396

| | |
|---|---|
| DELIA WEBSTER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 13-cv-01975 |
| BAYVIEW LOAN SERVICING, LLC, *Defendant-Appellee.* | Tanya Walton Pratt, *Judge.* |

**O R D E R**

Delia Webster sued Bayview Loan Servicing, LLC, asserting claims under the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act. She later filed a Motion for Leave to File an Amended Complaint, seeking to amend the complaint to assert the claims as a class action. Webster simultaneously filed a Motion for Class Certification. While those motions were pending, Bayview offered to settle Webster's claims, purporting to tender the full relief sought in Webster's complaint. Webster rejected the offer. Bayview then moved to dismiss the complaint, arguing that Webster's individual claims were now moot and, accordingly, she could no longer serve as a class representative. The district court agreed and dismissed Webster's individual

claims as moot. The district court then denied her motions to amend the complaint and for class certification, finding those motions also moot. Webster appeals.

After the district court dismissed Webster's individual claims as moot, this court issued its decision in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015), wherein we held that a defendant's offer of full compensation does not moot the plaintiff's lawsuit. *Id.* at 787. Accordingly, based on *Chapman*, we reverse the dismissal of Webster's individual claims, vacate the denial of Webster's Motion for Leave to File an Amended Complaint and Motion for Class Certification, and remand for further proceedings consistent with this order.

I.

Delia Webster defaulted on a mortgage due to BAC Home Loan Servicing, which defendant Bayview Loan Servicing, LLC ("Bayview") began servicing in 2012. Webster later received a discharge in bankruptcy on that debt. Nonetheless, Bayview continued to call her cell phone, using an automatic telephone dialing service. After the bankruptcy discharge, Bayview also sent a letter to Webster regarding the debt. On December 13, 2013, Webster filed a complaint against Bayview, alleging claims under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). Webster's complaint sought only individual relief (as opposed to class relief), and requested actual and compensatory damages, an order enjoining Bayview from committing any future violations of the FDCPA and TCPA, and a declaratory judgment that Bayview violated the FDCPA and TCPA.

On May 13, 2014, Webster filed a Motion for Leave to File an Amended Complaint. She attached the proposed amended complaint to the motion: The proposed amended complaint included not just Webster's individual TCPA and FDCPA claims, but also added class claims under the TCPA. That same day, Webster also filed a Motion for Class Certification, requesting that the court certify the class she proposed in her amended complaint.

In response, Bayview first requested an extension of time to respond to the Motion for Leave to File an Amended Complaint, but before responding to that motion, Bayview tendered relief to Webster for her individual claims. Webster rejected Bayview's tender. Bayview then moved to dismiss Webster's individual complaint for lack of jurisdiction, and also moved to strike Webster's Motion for Class Certification because the currently pending complaint only asserted individual claims. The district

court granted Bayview's Motion to Dismiss Webster's individual complaint. It then denied Webster's Motion for Leave to File an Amended Complaint and her Motion for Class Certification as moot. Webster appeals.

II.

On appeal, Webster initially argued that dismissal of her complaint was inappropriate because she had filed a Motion for Leave to File an Amended Complaint to allege a class action suit and had also sought class certification prior to Bayview's tender to settle her individual claims. Webster had further argued that Bayview's tender did not moot her individual claims because the offer did not provide her with the full relief she had requested. However, as Webster rightly maintained at oral argument, this court's recent decision in *Chapman* mandates reversal for a different reason: A defendant's tender of full relief does not moot the litigation. *Id.* at 787. In reaching this holding, *Chapman* expressly overruled *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011), *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 752 (7th Cir. 2010), *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991), and other "similar decisions to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy." *Id.* at 787. Thus, based on *Chapman*, we reverse the district court's dismissal of Webster's individual complaint.[1]

However, we note, as did the court in *Chapman*, that "[r]ejecting a fully compensatory offer may have consequences other than mootness." *Id.* at 787. While Bayview advocates for this court to impose those consequences now, such as by finding that Webster has waived her claims or is estopped from presenting them, those questions are best left to the district court in the first instance. *Id.* at 788.

Because we reverse the district court's dismissal of Webster's individual claims, we must also vacate the district court's dismissal of Webster's Motion for Leave to File an Amended Complaint and her Motion for Class Certification. In doing so, however, we take no position on the propriety of granting those motions. It is still within the district court's discretion to decide whether to grant a motion for leave to amend, *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 706-07 (7th Cir. 2015), and then further to determine whether to certify a class and whether Webster would be an appropriate

---

[1] As *Chapman* recognizes, the mootness issue is currently pending before the Supreme Court. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), cert. granted, —U.S. —, 135 S.Ct. 2311, 191 L.Ed.2d 977 (2015).

class representative. *Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008). Those questions are also left to the district court to consider.

III.

The district court's order granting Bayview's Motion to Dismiss is reversed because Bayview's tender of relief did not moot Webster's individual claims. The district court's order dismissing Webster's Motion for Leave to File an Amended Complaint and Motion for Class Certification is vacated, and this case is remanded for further proceedings consistent with this order.